Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ANGEL FRANCISCO VÉLEZ RODRIGUEZ<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DE SU SECRETARIA, HONORABLE LOURDES GÓMEZ TORRES; NEGOCIADO DE LA POLICÍA DE PUERTO RICO Y SU COMISIONADO, EL SEÑOR JOSEPH GONZÁLEZ FALCÓN; NDA SERVICES, CORP. HNC ADRIEL TOYOTA; Y JOHMAR A. ORTIZ Y SU ESPOSA, HECMARIE SOTO, Y LA SOCIEDAD DE BIENES GANANCIALES CONSTITUIDA ENTRE AMBOS<br><br>Apelada<br><br>UNIVERSAL INSURANCE COMPANY Y TOYOTA CREDIT DE PUERTO RICO, CORP. HNC TOYOTA FINANCIAL SERVICES<br><br>Partes con Interés | TA2025AP00676 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: FA2025CV00677<br><br>SOBRE: LEY UNIFORME DE CONFISCACIONES Y OTROS |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

El 15 de diciembre de 2025, el señor Ángel Francisco Vélez Rodríguez (el señor Vélez Rodríguez o el apelante) presentó un *Escrito de Apelación* en el que solicitó que revoquemos la *Sentencia*

*Parcial* emitida el 27 de octubre de 2025, notificada el 28 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario).[1]

En el aludido dictamen, el TPI desestimó, sin perjuicio, las reclamaciones en contra de NDA Services Corp HNC, Adriel Toyota, el señor Johmar A. Ortiz, su cónyuge Hecmarie Soto y la Sociedad Legal de Bienes Gananciales que ambos componen, a demandados desconocidos, Aseguradoras Desconocidas, Universal Insurance Company y Toyota Credit de Puerto Rico, Corp y HNC Toyota Financial Services (en adelante, la parte apelada) debido a que en la *Demanda* sobre impugnación de confiscación, radicada por el apelante, no procedía una causa de acción acerca de daños y perjuicios. Sin embargo, el TPI mantuvo causa de acción sobre la impugnación de la confiscación con el Estado Libre Asociado de Puerto Rico (en adelante, el Estado).

Por los fundamentos que expondremos a continuación, procederemos a confirmar el dictamen apelado.

**I.**

El caso de epígrafe tuvo su origen el 6 de julio de 2025, cuando el apelante instó una *Demanda* en la que alegó que era el dueño de un Toyota modelo Corolla del año 2023.[2] Adujo que, dicho vehículo de motor fue vendido a Adriel Toyota Corp., tras el apelante adquirir una Toyota RAV4 2024. Ello, pues el vendedor Johmar Ortiz le sugirió al señor Vélez Rodríguez que le vendiera al concesionario de autos el Corolla y, este se encargaría de que no hubiera retrasos en el préstamo de financiamiento del referido vehículo. Empero, el apelante se percató que no se estaban realizando los pagos correspondientes del préstamo que gravaba el auto. Ante ello, el señor Vélez Rodríguez arguyó que, comenzó a efectuar los pagos

---

[1] Entrada Núm. 39 del caso núm. FA2025CV00677 en el Sistema Unificado para el Manejo y administración de Casos (SUMAC).
[2] Entrada Núm. 1 del caso núm. FA2025CV00677 en el SUMAC.

atrasados del vehículo en cuestión en aras de no afectar su crédito. Pese a los esfuerzos en cumplir con el pagaré del vehículo, el apelante señaló que, no pudo continuar sufragando el pago del préstamo y, por consiguiente, se le afectó su línea de crédito.

Por otro lado, el 2 de marzo de 2025, adujo que verificó la información del Corolla en la plataforma de CESCO y se percató que el mencionado vehículo tenía una multa de $100.00 expedida en el municipio de Fajardo. Ante este cuadro, alegó que decidió indagar sobre el paradero del vehículo. Así las cosas, el 24 de junio de 2025, acudió a CESCO y le indicaron que había una orden de confiscación con el número M25A0499 con fecha de ocupación del 14 de marzo de 2025 y de confiscación del 11 de abril de 2025 en Fajardo. Consecuentemente, el apelante impugnó la confiscación del vehículo y solicitó que la parte apelada lo indemnizara por los daños y perjuicios que sufrió por la pérdida del vehículo y el deterioro de su línea de crédito.

El 14 de agosto de 2025, el Estado instó una *Comparecencia especial en solicitud de desestimación* en la que solicitó que fuese desestimada la *Demanda* radicada en su contra dado que carece la concesión de un remedio.[3] Ello, pues para impugnar una confiscación, la *Demanda* debe versar sobre alegaciones que impugnen la confiscación y no acerca de otras causales que no esten contempladas en la *Ley Uniforme de Confiscaciones de 2011*, Ley Núm. 119 de 12 de julio de 2011 (Ley Núm. 119-2011), según enmendada, 34 LPRA sec. 1724, *et. seq.*

Por otro lado, el 21 de agosto de 2025, Toyota Credit de Puerto Rico, Corp., radicó una *Contestación a demanda enmendada* en la que alegó que ha cumplido a cabalidad con los pagos del Contrato de Financiamiento que efectuó con el apelante.[4] Admitió que, el

---

[3] Entrada Núm. 20 del caso núm. FA2025CV00677 en el SUMAC.
[4] Entrada Núm. 24 del caso núm. FA2025CV00677 en el SUMAC.

vehículo continuaba figurando como propiedad del apelante. Aseveró que, Toyota Credit de Puerto Rico, Corp., fue notificado sobre la confiscación por el Departamento de Justicia y la misma fue recibida el 14 de julio de 2025. Argumentó que, el apelante modificó la localización en dónde se encontraba el vehículo en cuestión, sin notificarle por escrito a Toyota Credit de Puerto Rico, Corp., y, por tanto, incumplió con su obligación contractual. Consecuentemente, adujo que, el señor Vélez Rodríguez incumplió con los acuerdos contractuales del Contrato de Financiamiento que ambas partes suscribieron.

Tras varios trámites procesales, el 10 de octubre de 2025, el Estado presentó una *Comparecencia especial en solicitud de desestimación reiterada* en la que reiteró su alegación en que debe ser desestimada la *Demanda* radicada por el señor Vélez Rodríguez en virtud de que la misma carece de fundamentos que justifiquen la concesión de un remedio.[5] Además, adujo que, el apelante no debía presentar en la *Demanda* otras causales que no versaran sobre la confiscación.

En respuesta, el 23 de octubre de 2025, el apelante instó una *Réplica a moción de desestimación* en la que arguyó que, procedía la consolidación de diversas causas de acción a la luz de que los daños y perjuicios sufridos por el apelante y la confiscación surgen de un hecho en común.[6] Por ende, solicitó que el foro primario no desestimara la *Demanda* ante la insuficiencia de alegaciones que justificasen la concesión de un remedio.

Así las cosas, el 27 de octubre de 2025, notificada el 28 de octubre de 2025, el TPI emitió una *Sentencia Parcial* en la que resolvió que la causa de acción sobre daños y perjuicios, incluida en la *Demanda* del señor Rodríguez Vélez, no está relacionada a la

---

[5] Entrada Núm. 32 del caso núm. FA2025CV00677 en el SUMAC.
[6] Entrada Núm. 36 del caso núm. FA2025CV00677 en el SUMAC.

impugnación de la confiscación.[7] De igual forma, el *foro a quo* razonó que, no se podían consolidar las causas de acción dado que no está relacionado al asunto principal, el cual es la confiscación del vehículo de motor. En vista de lo anterior, el TPI desestimó, sin perjuicio, las reclamaciones contra NDA Services Corp HNC como Adriel Toyota, el señor Johmar A. Ortiz, la señora Hecmarie Soto y la Sociedad Legal de Gananciales que ambos componen, a demandados desconocidos, Aseguradoras desconocidas, a Universal Insurance Company, y a Toyota Credit de Puerto Rico, Corp, HNC Toyota Financial Services. Con ello, el foro primario mantuvo ante su consideración la impugnación de confiscación del vehículo de motor Corolla, sin que procedieran las alegaciones de daños y perjuicios en contra del Estado.

El 12 de noviembre de 2025, el señor Rodríguez Vélez instó una *Moción de reconsideración* en la que argumentó que el ordenar presentar dos demandas bifurcarían un caso en el que se procura una solución, rápida y económica.[8] Asimismo, indicó que, el caso *Doble Seis Sport v. Depto Hacienda*, 190 DPR 763 (2014), no le es de aplicación debido a que el caso de autos versa sobre circunstancias distintas al caso de referencia toda vez que las partes del citado caso no suplicaron una indemnización en concepto de daños y perjuicios. Consecuentemente, solicitó que el TPI reconsidere su dictamen.

Al día siguiente, el TPI emitió y notificó una *Resolución Interlocutoria* en la que declaró No Ha Lugar la *Moción de reconsideración*.[9]

Inconforme, el 15 de diciembre de 2025, el señor Vélez Rodríguez radicó una Apelación en la que coligó los siguientes señalamientos de error:

Primer Error: Erró y abuso de su discreción el TPI al desestimar, sin perjuicio, mediante Sentencia Parcial

---

[7] Entrada Núm. 39 del caso núm. FA2025CV00677 en el SUMAC.
[8] Entrada Núm. 44 del caso núm. FA2025CV00677 en el SUMAC.
[9] Entrada Núm. 45 del caso núm. FA2025CV00677 en el SUMAC.

nuestra Demanda contra NDA Services, Corp. HNC Adriel Toyota; y Johmar A. Ortiz y su esposa, Hecmarie Soto, y la Sociedad de Bienes Gananciales constituida entre ambos; Universal Insurance Company; y Toyota Credit de Puerto Rico, Corp., HNC Toyota Financial Services.

Segundo Error: Erró y abuso de su discreción el TPI al no permitir la acumulación de NDA Services, Corp. HNC Adriel Toyota; y Johmar A. Ortiz y su esposa, Hecmarie Soto, y la Sociedad de Bienes Gananciales constituida entre ambos; Universal Insurance Company; y Toyota Credit de Puerto Rico, Corp., HNC Toyota Financial Services bajo la misma Demanda contra el Gobierno, acción judicial del Demandante, aquí en adelante apelante, que en nada afectaba los derechos sustantivos de las partes y que, contrario a ello, promovía la conveniencia de un solo juicio, evitaba multiplicidad de pleitos y expeditaba la disposición final de la litigación mediante la inclusión de un pleito de todas las partes directamente interesadas en la controversia.

Tercer Error: Erró y abusó de su discreción el TPI a no permitir, en la alternativa, separar las causas de acción al amparo de la Regla 18 de las de Procedimiento Civil y ordenar la continuación de las otras que no envolvían al Gobierno en un pleito separado.

El 12 de enero de 2026, Toyota Credit de Puerto Rico Corp. h/n/c Toyota Financial Services radicó una *Solicitud de prórroga para presentar posición de Toyota Credit de Puerto Rico Corp.,* sobre la apelación en la que solicitó una prórroga para presentar su oposición.

El 13 de enero de 2026, emitimos una *Resolución* en la que le concedimos hasta el 27 de enero de 2026 para presentar su oposición. De lo contrario, resolveríamos el recurso sin su comparecencia.

De igual forma, el 14 de enero de 2026, Johmar A. Ortiz y su cónyuge Hecmarie Soto y Universal Insurance Company h/n/c Adriel Toyota radicaron una *Solicitud de prórroga para presentar posición* en la que solicitaron una prórroga para presentar la oposición al presente recurso.

El 15 de enero de 2026, emitimos una *Resolución* en la que le concedimos hasta el 27 de enero de 2026 para presentar su oposición.

En cumplimiento con nuestra *Resolución,* Toyota Credit Corp., radicó una *Oposición de la parte con interés Toyota Credit de Puerto Corp. con relación a recurso de Apelación.*

En igual fecha, Universal Insurance Company NDA Services Corp., h/n/c Adriel Toyota instó *Alegato de apelada.*

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nuestra consideración.

**II.**

**A.**

La confiscación es "[e]l acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos". *Rodríguez Ramos v. ELA,* 174 DPR 94, 202 (2018); *Doble Seis Sport v. Depto. Hacienda,* 190 DPR 763, 784 (2014). El procedimiento de confiscación está regulado por la por la Ley Núm. 119-2011, *supra,* el cual es un acto para el beneficio de la sociedad de las personas que han sido perjudicadas por las acciones delictivas. *Centeno v. Rodriguez v. ELA,* 170 DPR 907, 912-913. El procedimiento de una confiscación es de carácter civil o *in rem. Centeno v. Rodriguez v. ELA, supra,* pág. 913. Ello, pues va dirigido en contra del objeto y no contra el dueño o la persona con algún interés legal sobre el bien. *Cooperativa v. ELA,* 159 D.P.R. 37 (2003). Para que se configure una confiscación civil son: (1) de prueba suficiente y preponderante de que se ha cometido un delito, y (2) de un nexo entre la comisión del delito y la propiedad confiscada. *Suárez v. ELA,* 162 DPR 43, 52 (2004); *Doble Seis Sport v. Depto. Hacienda, supra,* pág. 785. El Art. 9 de la Ley Núm. 119-2011, *supra* sec. 1724f, dispone que estará sujeta de ser confiscada los siguientes bienes:

> Estará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico.

Ahora bien, toda persona que desee impugnar la validez de una confiscación debe regirse por lo establecido en el Art. 15 de Ley Núm. 119-2011, *supra* sec. 1724l. En virtud de ello, toda persona que desee impugnar una confiscación deberá hacerlo en el término de treinta (30) días, a partir de la fecha en que reciba la notificación de la confiscación, a través de la presentación de una demanda en contra del Estado Libre Asociado de Puerto Rico y del funcionario que llevó a cabo la ocupación. *supra* sec. 1724l; *Doble Seis Sport v. Depto. Hacienda, supra*, pág. 786. La demanda se circunscribirá a cumplir con los siguientes términos:

> La demanda que al amparo de esta Ley se autoriza, estará sujeta estrictamente a los siguientes términos: el Tribunal ante el cual se haya radicado el pleito deberá adjudicarlo dentro del término de seis (6) meses contados desde que se presentó la contestación a la demanda, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes y por causa justificada, por un término que no excederá de treinta (30) días adicionales; se presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación. El descubrimiento de prueba se llevará a cabo dentro de los primeros treinta (30) días contados a partir de la contestación a la demanda y no se extenderá a las declaraciones juradas que obren en el expediente del fiscal hasta que se tenga derecho a las mismas en alguna acción penal que exista relacionada a los hechos de la confiscación.

Una vez presentada la contestación a la demanda, el Tribunal deberá calendarizar la celebración de una vista de legitimación activa para determinar si "el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito". *supra* sec. 1724l.

Es preciso señalar que, en caso de que el Tribunal decrete ilegal la confiscación, el Art. 19 de la Ley Núm. 119-2011, *supra* sec. 1724p, estatuye que,

> En aquellos casos en los que el tribunal decrete la ilegalidad de una confiscación, la Junta devolverá la propiedad ocupada al demandante. Cuando haya dispuesto de la misma, el Gobierno de Puerto Rico le pagará el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más el interés legal prevaleciente, de conformidad con las Reglas de Procedimiento Civil, según enmendadas, tomando como base el valor de tasación, a partir de la fecha de la ocupación.

En lo que nos atine, en el caso *Doble Seis Sport v. Depto. Hacienda, supra,* atendió una controversia en la que la parte que impugnó una confiscación también solicitó que se le indemnizara en concepto de daños y perjuicios. Particularmente, el Tribunal Supremo interpretó que,

> [E]s evidente que el reconocimiento de una acción en daños y perjuicios dentro de un procedimiento de impugnación de confiscación desvirtuaría el proceso sumario que el legislador diseñó. Es decir, dentro de *ese* proceso sumario no se puede litigar una acción en daños y perjuicios. El legislador tuvo dos propósitos al establecer la nueva ley. Primero, se propuso dar fin a los procedimientos dilatorios y evitar que los tribunales continúen congestionados por las demandas de impugnaciones de confiscaciones. *Doble Seis Sport v. Depto. Hacienda, supra,* pág. 792.

Ante ello, el máximo foro judicial resolvió que, la Ley Núm. 119-2011, *supra,* no permite una acción de daños y perjuicios como remedio para una confiscación ilegal fundamentada en que no procedía la ocupación de la propiedad. Cónsono con lo anterior, la acción de daños y perjuicios no está permitida dentro del proceso de

impugnación dado que no se le daría la efectividad a la intención legislativa. *Doble Seis Sport v. Depto. Hacienda, supra,* pág. 793.

**B.**

La Regla 18 de Procedimiento Civil, 32 LPRA Ap. V, R. 18, establece que,

> La acumulación indebida de partes no constituirá un motivo para desestimar un pleito. Cualquier parte podrá ser incluida o eliminada por orden del tribunal, a iniciativa de éste o por una moción de parte en cualquier estado del procedimiento, bajo las condiciones que sean justas. Cualquier reclamación contra una parte puede ser separada y proseguirse independientemente.

Ahora bien, un pleito no se puede resolver cuando una parte se convierte indispensable. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 479 (2019). Una parte indispensable es aquella que "cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados". *Rivera Marrero v. Santiago Martínez, supra,* citando a: *Mun. de San Juan v. Bosque Real, S.E.,* 158 DPR 743 (2003).

**III.**

En el caso de autos, el señor Rodríguez Vélez argumentó que, el TPI erró en desestimar, sin perjuicio, la *Demanda* que instó en contra de NDA Services, Corp. HNC Adriel Toyota; y Johmar A. Ortiz y su esposa, Hecmarie Soto, y la Sociedad de Bienes Gananciales constituida entre ambos; Universal Insurance Company; y Toyota Credit de Puerto Rico, Corp., HNC Toyota Financial Services puesto que evitaba la multiplicidad de pleitos tras no permitir una acción de daños y perjuicios en contra de estos en el pleito de impugnación de confiscación. A su vez, alegó que el TPI actuó contrario a lo establecido en la Regla 18 de Procedimiento Civil, *supra,* tras no ordenar la separación del pleito de daños y perjuicios y procedió a ordenar la desestimación, sin perjuicio.

Tras los señalamientos de error estar relacionados procederemos a discutirlos en conjunto.

Conforme las normas jurídicas pormenorizadas, la confiscación es un procedimiento estatutario en el que el Estado tiene la potestad de confiscar un bien que fue utilizado para cometer un acto delictivo. Dicho procedimiento, fue creado de naturaleza sumaria en aras de fomentar la rapidez del procedimiento de una confiscación. Ahora bien, el Art. 15 de la Ley Núm. 119-201, *supra*, permite que una persona, la cual le fue confiscado un bien, pueda impugnar la legalidad de la confiscación. En lo pertinente a la controversia ante nos, el Tribunal Supremo ha sido enfático en que en una *Demanda* que promueve impugnar una confiscación, no es posible incluir una acción de daños y perjuicios puesto que atentaría contra la naturaleza del procedimiento de confiscación. *Doble Seis Sport v. Depto. Hacienda, supra*, pág. 793. A raíz de ello, en una causa de acción que versa sobre impugnar una confiscación, no es permitido una reclamación para indemnizar a la parte que impugna el bien confiscado.

Luego de un análisis detallado del expediente, resolvemos que el foro primario no erró en emitir una *Sentencia Parcial* en la que desestimó, sin perjuicio, la causa de acción sobre daños y perjuicios.

Contrario a lo alegado por el apelante, nuestra jurisprudencia ha sido patentemente expresa en que cuando una parte inicia un pleito para impugnar una confiscación, no procede incluir una acción sobre daños y perjuicios como consecuencia de los alegados daños que pudo haber sufrido dicha parte. En virtud de ello, el *foro a quo* tenía la obligación de desestimar dicha causa de acción dado que atenta contra el espíritu de la Ley Núm. 119-2011, *supra*.

Ahora bien, esta Curia determina que, si bien los hechos de *Doble Seis Sport v. Depto. Hacienda, supra*, y el presente recurso son distintos, en el presente caso, le es de aplicación la interpretación

esbozada por el Tribunal Supremo con relación a la Ley Núm. 119-2011, *supra*. A esos fines, realizaremos una distinción entre los hechos que dieron lugar a ambos pleitos. Veamos.

En *Doble Seis Sport v. Depto. Hacienda*, *supra*, la parte promovente impugnó una confiscación y solicitó que el Estado indemnizara a dicha parte en concepto de los daños sufridos a consecuencia de la confiscación. Por otro lado, en el caso de epígrafe, el señor Rodríguez Vélez solicitó que las partes lo indemnizaran ante la negligencia de la parte apelada en no pagar el gravamen que afectaba el vehículo, el cual constaba en nombre del apelante, y que dicho vehículo fuera confiscado. Así pues, el apelante alegó que, la interpretación que realizó el Tribunal Supremo sobre la Ley Núm. 119-2011, *supra*, en el caso *Doble Seis Sport v. Depto. Hacienda, supra,* no es aplicable al caso de autos debido a que este no instó una reclamación de daños y perjuicios en contra del Estado.

Pese a que los hechos son distintos en ambos casos, el máximo foro judicial interpretó que no prospera una acción de daños y perjuicios en un pleito sobre una impugnación de confiscación, aunque la parte contraria no sea el Estado. Lo anterior responde, a que la intención legislativa es, que una acción de impugnación de confiscación <u>sea resuelta de forma sumaria</u> y, por tanto, no procede incluir otras causas de acción dentro de un pleito de confiscación. Por tanto, en un pleito de impugnación de confiscación no prospera una reclamación de daños y perjuicios toda vez que, lacera el procedimiento establecido para impugnar una confiscación y el espíritu de la Ley Núm. 119-2011, *supra*.

En vista de lo anterior, el TPI no actuó contrario a lo establecido en la Regla 18 de Procedimiento Civil, *supra* debido a que el apelante acumuló partes que no estaban relacionadas al pleito de impugnación de confiscación. Cónsono con lo anterior, el apelante debe instar otro pleito para reclamar los alegados daños

ocasionados por la parte apelada. Por tanto, en efecto procedía desestimar el pleito en contra de la parte apelada y, continuar con los procedimientos ulteriores de la impugnación de la confiscación con respecto al Estado.

A la luz de los fundamentos esbozados, resolvemos que el *foro a quo* no erró en desestimar el pleito en contra de la parte apelada debido a que dicha causa de acción no es producto de la impugnación de confiscación.

**IV**.

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Marchand emite voto particular concurrente con escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ANGEL FRANCISCO VELEZ RODRIGUEZ<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DE SU SECRETARIA, HONORABLE LOURDES GÓMEZ TORRES; NEGOCIADO DE LA POLICÍA DE PUERTO RICO Y SU COMISIONADO, EL SEÑOR JOSEPH GONZÁLEZ FALCÓN; NDA SERVICES, CORP. HNC ADRIEL TOYOTA; Y JOHMAR A. ORTIZ Y SU ESPOSA, HECMARIE SOTO, Y LA SOCIEDAD DE BIENES GANANCIALES CONSTITUIDA ENTRE AMBOS<br><br>Apelada<br><br>UNIVERSAL INSURANCE COMPANY Y TOYOTA CREDIT DE PUERTO RICO, CORP. HNC TOYOTA FINANCIAL SERVICES APELADOS<br><br>Partes con Interés | TA2025AP00676 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: FA2025CV00677<br><br>SOBRE: LEY UNIFORME DE CONFISCACIONES Y OTROS |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

**VOTO PARTICULAR CONCURRENTE
DE LA JUEZA RIVERA MARCHAND**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

La opinión emitida por el Tribunal Supremo en *Doble Seis Sport v. Depto. Hacienda,* 190 DPR 763 (2014) versa sobre una confiscación realizada por el Estado al amparo de la Ley Uniforme de Confiscaciones de 2011, 34 LPRA sec. 1724 *et. seq.*, la cual no permite la acumulación de una acción en daños y perjuicios en contra del Estado. Ello, debido a la naturaleza sumaria de la causa, que, a su vez, sólo provee como remedio para la parte afectada,

promovente de la acción de impugnación, la devolución de la propiedad ocupada o el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido. Es decir, el estatuto especial no provee para otros remedios reparadores y mucho menos un resarcimiento por daños y perjuicios para quien impugna una confiscación del Estado.

Cónsono con dicha limitación, el Alto Foro en *Doble Seis Sport v. Depto. Hacienda*, supra, específicamente consignó lo siguiente: "En consecuencia, resolvemos que es improcedente dentro de la acción de impugnación de confiscación una reclamación en daños y perjuicios **contra el Gobierno de Puerto Rico** por los alegados daños sufridos a raíz de la ocupación de las máquinas de juegos propiedad de la parte recurrida". (Énfasis suplido). Resulta evidente que, la referida opinión no corresponde a los hechos procesales de la causa ante nos porque en *Doble Seis* el promovente de la acción solo demandó al Estado y no incluyó a terceros.

En efecto, en la causa ante nos, las alegaciones de la demanda contra NDA Services Corp. HNC Adriel Toyota, el señor Johmar Ortiz, su esposa, la sociedad legal de bienes gananciales constituidas entre ambos y Universal son distinguibles de las alegaciones contra el Estado y, a su vez, el promovente de la acción solicita remedios por los presuntos daños y perjuicios causados por dichas partes.

Ante estas circunstancias el foro primario determinó que, estaba ante una indebida acumulación de causas y mediante el dictamen mayoritario se confirma dicho proceder por entender que así obliga lo resuelto en *Doble Seis Sport v. Depto. Hacienda*, supra. Distinto a lo antes, soy de la opinión que tanto la citada opinión, así como la propia Ley de Confiscaciones no limitan la facultad discrecional del tribunal en el buen manejo de los casos de permitir acumulación o bifurcación de causas.

A esos efectos se hace necesario puntualizar que, en *Doble Seis*, el Honorable Juez Asociado, señor Estrella Martínez consignó

en su voto disidente que nuestro ordenamiento procesal cuenta con las herramientas para acumular o bifurcar oportunamente las acciones de daños y perjuicios promovidas por personas y/o entidades jurídicas del proceso sumario incoada contra el Estado.

Ante ello y luego de un examen cuidadoso del expediente, la ley y la jurisprudencia aplicable, concluyo que la determinación del foro primario aquí apelada (en cuanto a NDA Services Corp. HNC Adriel Toyota, el señor Johmar Ortiz, su esposa, la sociedad legal de bienes gananciales constituidas entre ambos y Universal) no debe surgir debido a un mandato estatutario inflexible sino debe responder al ejercicio de la sana discreción del TPI como un asunto de manejo de caso. Lo antes, con el fin de promover el mayor acceso a la justicia, apertura y deferencia a nuestro foro primario.

Por lo antes, respetuosamente concurro con el dictamen mayoritario.


**MONSITA RIVERA MARCHAND**
**JUEZA DE APELACIONES**